# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10463
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STERIC PAUL MITCHELL,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-128-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Steric Paul Mitchell appeals his jury trial convictions for conspiracy to commit kidnapping and for kidnapping, *see* 18 U.S.C. §§ 2, 1201(a)(1), (c), and the concurrent 420-month sentences that followed. He contends that the district court undermined his ability to present a complete defense or alternatively that his defense counsel was ineffective for failing to develop evidence necessary to support his primary defensive theory. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10463

Mitchell's constitutional right to present a complete defense was not infringed by the district court's in limine order excluding evidence that the victim was a prostitute or engaged in prostitution at the time of the crimes charged in the indictment. *See* FED. R. EVID. 412; *see also Holmes v. South Carolina*, 547 U.S. 319, 324 (2006); *United States v. Ramos*, 537 F.3d 439, 448 (5th Cir. 2008).

To prove a violation of the kidnapping statute, the Government must establish "(1) the transportation in interstate [or foreign] commerce (2) of an unconsenting person who is (3) held for ransom or reward or otherwise, (4) such acts being done knowingly and willfully." *United States v. Garza-Robles*, 627 F.3d 161, 166 (5th Cir. 2010) (internal quotation marks and citation omitted). "To prove conspiracy to commit kidnapping, the Government must establish: (1) the existence of an agreement between two or more people to pursue the offense of kidnapping; (2) the defendant knew of the agreement; and (3) the defendant voluntarily participated in the conspiracy." *Id.* at 168.

We discern no due process violation. Whether the victim was a prostitute is "irrelevant to this case," as that status alone "does not make more or less probable the fact that" Mitchell committed the crimes of conviction. *United States v. Lockhart*, 844 F.3d 501, 510 (5th Cir. 2016) (internal quotation marks, citation, and ellipsis omitted). Therefore, "the district court did not violate the Fifth Amendment when it excluded such evidence pursuant to Rule 412." *Id.*; *see Garza-Robles*, 627 F.3d at 166, 168.

Nor do we discern an infringement of the right of confrontation. Mitchell is not constitutionally guaranteed "cross-examination that is effective in whatever way, and to whatever extent, [he] might wish." *Lockhart*, 844 F.3d at 510 (internal quotation marks and citation omitted). "[C]ross-examination limited on the basis of a Federal Rule of Evidence does not abridge an accused's

right to present a defense so long as the rule is not arbitrary or disproportionate to the purposes it is designed to serve." *Lockhart*, 844 F.3d at 510 (internal quotation marks, citation, and brackets omitted).

Mitchell does not explain why he did not avail himself of the opportunity to revisit the exclusion ruling in the district court before or during the trial. The record shows that the district court was at pains before trial to assure Mitchell that the order excluding mention of prostitution matters was not definitive but instead was merely preliminary and subject to revision or revocation. Mitchell fails to show that the evidentiary rules at issue in this case were arbitrary or were applied arbitrarily and that consequently he was improperly prevented from challenging the conspiracy and kidnapping charges by presenting evidence that the victim was a prostitute who voluntarily rendered sexual services. *See Lockhart*, 844 F.3d at 510.

We decline to consider Mitchell's alternative claim of ineffective assistance of counsel, without prejudice to Mitchell's right to assert the claim on collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). A proceeding under 28 U.S.C. § 2255 is the favored forum for litigating federal prisoners' claims of ineffective assistance of counsel. *Massaro v. United States*, 538 U.S. 500, 504-09 (2003). The record before us is devoid of information about whether strategic decisions were made by Mitchell in concert with his trial counsel that may bear on the ineffectiveness claim. In sum, Mitchell does not present any justification for "an exception to [the] general rule of non-review" of an ineffectiveness claim on direct appeal. *United States v. Stevens*, 487 F.3d 232, 245 (5th Cir. 2007).

AFFIRMED.